IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO GARCIA, | § | |
| TDCJ-CID NO. 1501634, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-2345 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Ricardo Garcia, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this habeas action with prejudice as time-barred.

### I.     BACKGROUND

Upon a plea of guilty, petitioner was convicted on October 21, 2004, of aggravated kidnapping in the 185th Criminal District Court of Harris County, Texas, in cause number 1101229. Punishment was assessed at thirty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner did not file a motion for new trial or a notice of appeal from this conviction. Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or November 21, 2004. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner filed state habeas application number WR-75,089-04 on July 31, 2009,[1] which the Texas Court of Criminal Appeals denied without written order on the trial court's findings without a hearing

---

[1] *See* http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=fso8xYCvLg

1

on December 22, 2010.[2]  He filed the pending federal petition for a writ of habeas corpus on May 11, 2011.[3]  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997).  He seeks habeas relief on the following grounds:

> 1. His plea was coerced and involuntary;
>
> 2. The evidence was insufficient to support his conviction;
>
> 3. He was denied the effective assistance of counsel; and,
>
> 4. The state district court, sitting as a habeas court, did not transfer the habeas application to the Texas Court of Criminal Appeals in a timely manner.

(Docket Entry No.1).

## II.   STATUTE OF LIMITATIONS

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or

---

[2] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2429925

[3] The district clerk actually recorded the petition as filed on June 15, 2011, but petitioner indicates that he mailed the petition on May 11, 2011.  For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

      laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

  Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's habeas petition is timely or not.

  As noted above, under the AEDPA, petitioner's one-year limitation period began on or about November 21, 2004, the last day petitioner could have filed a motion for new trial or a direct appeal in state court. *See* TEX. R. APP. PROC. 26.2(a)(1). That date triggered the one-year limitations period which expired on November 21, 2005. Petitioner filed a state habeas application in state district court on July 31, 2009, years after limitations expired; therefore, its pendency before the Texas Court of Criminal Appeals did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not

3

tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner's federal habeas corpus petition, executed on May 11, 2011, is therefore untimely.

In his response to the Court's Order of August 11, 2011, petitioner requests equitable tolling of the limitations bar on the ground that the state district court, sitting as a habeas court, created an impediment to filing a timely § 2554 petition because it did not transfer his state habeas application to the Texas Court of Criminal Appeals in a timely manner. (Docket Entry No.7). Equitable tolling of the statute of limitations, however, is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner's pleadings and public records show that he has not been diligent in pursing federal habeas relief. Petitioner delayed pursuing state habeas corpus relief for years after he was sentenced in state district court, and waited months after his state habeas application was denied before he executed the pending federal habeas action. It is well established that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See e.g. Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Petitioner has not shown that he was subject to state action that impeded him from filing his petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Nor has he shown a newly recognized constitutional right upon which the petition is based or raised a factual

predicate for the claims that could not have been discovered previously.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to file his petition in a timely manner.  *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).  Petitioner's request for equitable tolling is, therefore, DENIED.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. Petitioner's request for equitable tolling (Docket Entry No.7) is DENIED.

4. A certificate of appealability is DENIED.

5. All other pending motions are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 5th day of October, 2011.

                                  MELINDA HARMON
                       UNITED STATES DISTRICT JUDGE